# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. LUNDY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 02-0189-CV-W-FJG |
| GUY M. HILDER, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court are several pending motions: (1) Plaintiffs' Motion for Summary Judgment on Count II of Counterclaim (Doc. No. 99); (2) Defendant Texas OUSA's Motion to Dismiss Count II of the Counterclaim with prejudice (Doc. No. 226); (3) Plaintiffs' Motion for Summary Judgment for Declarations and Avoidance Relief (Doc. No. 101); (4) Defendants' Motion for Summary Judgment on Count D (Doc. No. 104); (5) Plaintiffs' Motion in Limine (Doc. No. 169); and (6) Defendants' Motion to Set Evidentiary Hearing (Doc. No. 207). Each will be examined below.

**I.  Plaintiffs' Motion for Summary Judgment on Count II of Counterclaim (Doc. No. 99) and Defendant Texas OUSA's Motion to Dismiss Count II of the Counterclaim with prejudice (Doc. No. 226)**

Michael D. Lundy moves for summary judgment on count II of the counterclaim on the grounds that the counterclaim fails to state a claim upon which relief can be granted. In response to the Court's Order requesting the parties to file executive summaries, Texas OUSA moved to dismiss this claim with prejudice (Doc. No. 226). Plaintiff/counterclaim-defendant filed no opposition to Texas OUSA's motion to dismiss.

Therefore, as both parties desire dismissal of this claim, Texas OUSA's motion to

dismiss with prejudice (Doc. No. 226) is **GRANTED**, and Count II of the Counterclaim is **DISMISSED WITH PREJUDICE.** Plaintiff/counterclaim-defendant Lundy's motion for summary judgment on this claim (Doc. No. 99) is **DENIED AS MOOT.**

## II. Plaintiffs' Motion for Summary Judgment for Declarations and Avoidance Relief (Doc. No. 101)

### A. Background

With this motion for summary judgment, plaintiffs seek declarations that (1) Guy Hilder was without corporate or shareholder power or authority when he prepared and signed a document called "Optimation, Inc. Shareholder Vote Record" asserting that a "special meeting of the shareholders of Optimation, Inc. was held by Irrevocable Proxy" on June 28, 2001, and that Hilder had thereby used the Proxies and "voted to accept the final merger of Optimation, Inc. and SimplyIP following the guidelines set forth in the Principal Points of Agreement"; (2) Guy Hilder was without corporate power or authority to sell all of the assets of Optimation by preparing and signing an "Optimation, Inc. Corporate Resolution" dated September 17, 2001, providing that Optimation was selling all of its assets to Optimation USA, Inc., a Texas corporation that Hilder formed and owned; (3) Guy Hilder was without corporate power or authority to "cancel" any Optimation/SimplyIP/Panorama Merger; and (4) Guy Hilder was without corporate power or authority in November 2002 to call a special shareholders' meeting and to effect a merger of Optimation and Optimation USA, Inc.

### B. Summary Judgment Standard

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of

2

law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Lower Brule, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. Id. Rather, "the disputes must be outcome determinative under prevailing law." Id. (citations omitted).

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts." Matsushita, 475 U.S. at 586. Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327.

C. Analysis

The Court has reviewed the parties' submissions and the relevant law and finds that questions of material fact remain as to each of the declarations sought by plaintiffs. Consequently, summary judgment is not warranted, and plaintiffs' motion (Doc. No. 101) will be **DENIED.**

**III. Defendants' Motion for Summary Judgment on Count D (Doc. No. 104)**

A. Background

Plaintiffs Michael D. Lundy and S. Turner Allen seek relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, et seq. Plaintiffs allege that defendants failed to fund the Optimation 401k Plan. Plaintiffs allege that Hilder became a fiduciary with respect to the Optimation 401k Plan by his actions after May 16, 2001, in taking over as CEO and CFO of Optimation, claiming to be the board of directors of Optimation, and taking control of the Optimation general funds that would have been used to fund the 401k Plan. In the alternative, plaintiffs allege that to the extent Hilder is not found to be a fiduciary in the plan, defendants are liable under 29 U.S.C. § 1132(a)(3) and Harris Trust and Savings Bank v. Salomon Smith Barney, Inc., 530 U.S. 238 (2000).

Defendants argue that (1) they were not fiduciaries of the Optimation 401k plan at the times relevant to this lawsuit; and (2) they cannot be held liable under the Harris Trust theory.

B. Discussion

Plaintiffs note in their opposition to summary judgment that the Court has already reviewed this issue at the pleading stage; defendants filed a motion to dismiss this claim

4

that was substantially similar to the pending motion for summary judgment. The Court denied defendants' motion to dismiss (see Doc. No. 25). The Court has reviewed the issues in the pending motion for summary judgment and finds them to be almost exactly the same as those presented in the previously-denied motion to dismiss.

After examining the parties' submissions and the relevant law, the Court finds that questions of material fact remain as to plaintiffs' claims in Count D of the Complaint. Therefore, defendants' motion for summary judgment (Doc. No. 104) will be **DENIED.**

**IV.    Plaintiffs' Motion in Limine (Doc. No. 169)**

Plaintiffs state that during the corporate transactions at issue in this case, defendant Guy Hilder repeatedly made statements that he "needed to consult with his lawyers, was meeting with his lawyers tomorrow, or would be getting clearance from his attorney to take certain action." Plaintiffs state that defendant Guy Hilder represented that his attorneys included the Jenkins & Gilchrist law firm in Texas.

However, in defendants' rule 26(a)(1) disclosures, defendants only identified two attorneys as having discoverable information–John Granda and Phil McKnight of the old Stinson Mag firm in Kansas City, who were counsel to Optimation Inc. (not separate counsel to defendants). Additionally, defendants did not identify in their answers to interrogatories other counsel who were involved with the merger of the corporations.

Therefore, plaintiffs seek to prohibit defendants from offering evidence about consultation with, or advice from, legal counsel. Plaintiffs also seek to prohibit defendants from offering an "advice of counsel" affirmative defense[1] to this action because (1)

---

[1]Under Oklahoma law, "[a] member of the board of directors, . . ., in the performance of the member's duties, shall be fully protected in relying in good faith

5

defendants did not identify any counsel that assisted them in the merger and other corporate transactions and (2) defendants failed to plead "advice of counsel" as an affirmative defense in their answer or any other pleading.

Defendants respond that (1) plaintiffs' motion demonstrates that they were well aware of Mr. Hilder's consultation with counsel from Jenkins and Gilchrist; (2) the interrogatories only referred to consultation with counsel on behalf of the purported plaintiff, Optimation Inc.–not to any consultation with counsel done by defendants Guy Hilder, Susan Hilder, or any other defendant; and (3) plaintiffs did not depose defendants or even do any discovery regarding this issue beyond the interrogatories attached to plaintiffs' motion. Defendants state that plaintiffs were given the opportunity to inquire regarding this issue, and failed to do so.

Plaintiffs reply that, under Rule 26(e), there is a continuing duty to supplement the initial 26(a)(1) report if the information disclosed was incomplete or incorrect. Plaintiffs state that defendants offer no explanation why these lawyers were not disclosed under Rule 26(a)(1), and when defense counsel wrote in June 2003 that he did not "know if the testimony in this case will get into those items [advice of counsel] or not," (sugg. in opp. Ex. A), counsel's statement that there <u>might</u> be testimony regarding advice of counsel puts the identities of those attorneys within the required disclosures of Rule 26(a)(1)(A).

Because of defendants' failure to disclose (pursuant to Rule 26(a)(1)(A)) the names of any attorneys that provided advice to defendant Guy Hilder in the business transactions

---

upon the . . . information, opinions, reports, or statements presented to the corporation by . . . any other person [including attorneys] as to matters the member reasonably believes are with the . . . other person's competence and who [has] been selected with reasonable care by or on behalf of the corporation." Okla. Stat. Ann. § 18-1027(E).

6

that form the basis of plaintiffs' complaint, the Court finds that plaintiffs' motion in limine (Doc. No. 169) should be **GRANTED**.

**V.     Defendants' Motion to Set Evidentiary Hearing (Doc. No. 207)**

Defendants' counsel seeks an evidentiary hearing with respect to letters he has received from plaintiffs' counsel threatening litigation against his firm to recover fees paid in this matter. Defendants' counsel states that he wishes "the Court to set an evidentiary hearing on this issue at its earliest convenience to remove this cloud from the litigation."

Plaintiffs respond that (1) there has not yet been an attempt by them to obtain recovery of legal fees; (2) the Hilders have used Optimation funds to pay lawyers to defend their personal interests in this and related litigation; and (3) when plaintiffs provide notice of an adverse claim (as these questioned letters appear to provide), as unlawful transferees attorneys may be subject to orders of disgorgement. See Ranch Hand Foods, Inc. v. Polar Pak Foods, Inc., 690 S.W.2d 437, 444 (Mo. App. W.D. 1985).

Defendants reply that, under defendants' theory of the case, defendants were entitled to have done exactly what they did, and defendants' counsel should not be required to retain forensic accountants before taking a case.

The Court finds that there is not a need at a present time for an evidentiary hearing, as plaintiffs have not yet established a right to any of the fees. Consequently, defendants' motion for evidentiary hearing (Doc. No. 207) is **DENIED.**

Therefore, for the foregoing reasons:

1.    Plaintiffs' Motion for Summary Judgment on Count II of Counterclaim (Doc. No. 99) is **DENIED AS MOOT**;

2. Defendant Texas OUSA's Motion to Dismiss Count II of the Counterclaim with prejudice (Doc. No. 226) is **GRANTED**;

3. Plaintiffs' Motion for Summary Judgment for Declarations and Avoidance Relief (Doc. No. 101) is **DENIED**;

4. Defendants' Motion for Summary Judgment on Count D (Doc. No. 104) is **DENIED**;

5. Plaintiffs' Motion in Limine (Doc. No. 169) is **GRANTED**; and

6. Defendants' Motion to Set Evidentiary Hearing (Doc. No. 207) is **DENIED** as premature.

**IT IS SO ORDERED.**

    /s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
United States District Judge

Dated:   August 17, 2005   .
Kansas City, Missouri.

8

Case 4:02-cv-00189-FJG   Document 230   Filed 08/17/05   Page 8 of 8