# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

MICHAEL D. LUNDY, et al., )
        Plaintiffs, )
v. ) No. 02-0189-CV-W-FJG
GUY M. HILDER, et al., )
        Defendants. )

## ORDER

In its continuing review of this matter prior to trial, the Court has determined that the trial of this matter can be limited to specific factual issues. Although this issue was not argued with particularity by the parties, the Court finds that the Optimation Shareholder Irrevocable Proxy[1] is limited in scope such that some of the acts undertaken by Guy M. Hilder appear to be ultra vires.

The Optimation Shareholder Irrevocable Proxy (see Doc. No. 46, Ex. A) provides: "This Irrevocable Proxy shall remain in full force and effect <u>until the merger is finalized in accordance with the guidelines set forth in the Principal Points of Agreement regarding the merger of Optimation and SimplyIP</u>." (Emphasis added.) On October 25, 2001, Guy M. Hilder sent a letter to Optimation, Inc. shareholders, announcing that he had "cancelled"

---

[1] The proxy was signed by plaintiff Sadie Lundy on June 8, 2001 (Doc. No. 46, Ex. C); and Michael D. Lundy on June 8, 2001 (Doc. No. 46, Ex. A). The Court cannot locate copies of the signed proxies of plaintiffs Jayne Lundy and S. Turner Allen in the file. Plaintiffs should be prepared to provide copies of these proxies at trial.

the Optimation/SimplyIP/Panorama Merger. See Doc. No. 102, affidavit of Mike McNeall.[2] Because cancellation of the merger meant that the goal of the irrevocable proxies could never be accomplished, the Court finds that, upon the date of the cancellation of the merger of Optimation/SimplyIP/Panorama, Guy M. Hilder's authority under the proxies ceased.

Additionally, the Court notes that the scope of Hilder's authority under the proxies is limited to:

> (i) the matters described on Exhibit A hereto (collectively, the Matters), (ii) and [sic] other transaction or matters contemplated by the Matters, and (iii) any actions required in furtherance of any of the foregoing, in such manner as [Guy M. Hilder] may determine in its reasonable discretion, in each case to the same extent and with the same effect as the undersigned might or could do under any applicable law or regulation governing the rights and powers of stockholders of an Oklahoma corporation, irrespective of whether the undersigned is present at such meeting.

See Doc. No. 46, Ex. A.

The "Matters" referred to above include voting in a special meeting of the stockholders concerning (1) the acceptance of a final Merger Agreement between Optimation and SimplyIP; (2) the election of a new Board of Directors for Optimation, Inc. as part of the final merger of Optimation and SimplyIP; (3) the new Articles of Incorporation for Optimation, Inc. following the guidelines in the Principal Points of Agreement as part of the merger between Optimation, Inc. and SimplyIP; and (4) the new Bylaws of the Corporation for Optimation, Inc. following the guidelines in the Principal Points of

---

[2]The Court believes that the date of October 25, 2001 is accurate, given that this fact was uncontroverted by defendants in the briefing on summary judgment. However, plaintiffs' support for this proposition was an affidavit of Mike McNeall. Plaintiffs did not provide a copy of the letter itself. If defendants have evidence that supports a different finding, they shall bring that to the Court's attention at trial.

2

Agreement as part of the merger between Optimation, Inc. and SimplyIP.  See Doc. No. 46, Ex. A.  Therefore, the Court finds that the only actions covered by the proxies would be those that were undertaken with the goal of a successful merger between Optimation, Inc. and SimplyIP.

Thus, the Court finds that the limitations placed in the proxies themselves provide limitations as to the issues that need to be presented at trial.  Therefore, at trial, the parties shall present evidence on the following issues:

(1) Between the date each individual plaintiff signed the proxy and the date that defendant Guy M. Hilder "cancelled" the merger of Optimation/SimplyIP/Panorama, be prepared to describe whether the following actions were undertaken with valid authority under the proxies, in furtherance of the Optimation/SimplyIP/Panorama merger[3]:

(a) Shareholder actions that Hilder purported to take on June 28, 2001, as described in the amended complaint (Doc. No. 46), including Hilder's preparation and signing of a document called "Optimation, Inc. Shareholder Vote Record" asserting that a "special meeting of the shareholders of Optimation, Inc. was held by Irrevocable Proxy" on June 28, 2001, and that Hilder had thereby used the Proxies and "voted to accept the final merger of Optimation, Inc. and SimplyIP following the guidelines set forth in the Principal Points of Agreement";

(b) Actions as the board of directors of Optimation that Hilder, McNeall

---

[3] If the authority for such actions comes from a source other than the proxies, the parties should be prepared to provide such authority at trial.

3

and Huff, purported to take on June 28, and July 1, 2001, including the involuntary retirement of Sadie Lundy as an employee of Optimation with a termination of her salary and benefits after ninety days, involuntary retirement of Michael Lundy as president and an employee of Optimation with a termination of his salary and benefits after ninety days, and involuntary retirement of S. Turner Allen;

(c) Actions of Guy Hilder in preparing and signing an "Optimation, Inc. Corporate Resolution" dated September 17, 2001, providing that Optimation was selling all of its assets to Optimation USA, Inc., a Texas corporation that Hilder formed and owned;

(2) Following the cancellation of the merger of Optimation/SimplyIP/Panorama, defendants must provide authority aside from the proxies for the actions undertaken by them[4]; otherwise, the Court will enter a finding that all actions taken by defendants after October 25, 2001 are to be null and void.

Defendants are cautioned that, to the extent that it is determined at trial that the actions undertaken by defendants were outside the scope of the proxies (or other authority), defendants will be found liable.

---

[4]These actions include: (1) defendant Guy Hilder's November 7, 2001 letter to Optimation shareholders, wherein Hilder announced that the company's board of directors had exercised their voting power to sell the assets of Optimation to Texas OUSA, as a subsidiary of GMH Businesses Group; (2) defendant Guy Hilder's November 7, 2002, filing with the Oklahoma Secretary of State a document purporting to give notice of a merger of Optimation and Texas OUSA; and (3) defendant Guy Hilder's calling of a special shareholders' meeting in November 2002 to effect a merger of Optimation and Optimation USA, Inc.
.

4

Further, with respect to the remaining counts of plaintiffs' claims and defendant's counterclaim, the parties shall produce at trial evidence to support any damages to which they believe they are entitled.

**IT IS SO ORDERED.**

       /s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
United States District Judge

Dated:  August 23, 2005   .
Kansas City, Missouri.