# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. LUNDY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 02-0189-CV-W-FJG |
| ) | |
| GUY M. HILDER, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING FURTHER INJUNCTIVE RELIEF

This Court entered its Order dated January 24, 2006, granting certain injunctive and other relief in favor of plaintiffs Optimation, Inc. and Michael D. Lundy, and against Guy M. Hilder, Susan Hilder, Optimation USA, Inc., GMH (Doc. No. 245, ¶¶ 69, 74 and 75), and any of their companies that have been used to exercise dominion or control over the assets of Optimation, Inc. Defendants have raised questions about the January 24 Order via their letter to the Court dated January 25, 2006. This Court having considered the plaintiffs' **Motion for Further Injunctive Relief** and supporting suggestions, and having given further consideration to implementing its January 24 Order does **HEREBY ADJUDGE, ORDER, AND DECREE** that the following injunction shall be and is entered as of January 24, 2006:

    1. The provisions of this Order are binding on the following "Enjoined Parties":

        a. Guy M. Hilder;

        b. Susan Hilder;

        c. Optimation USA, Inc.;

        d. GMH Businesses Group;

        e. GMH Business, L.C.;

  f. IMSCO Industries, Inc.;

  g. GMH Businesses Logistics, LLC;

  h. each subsidiary affiliate, officer, director, member, manager, agent, employee, representative, attorney, or other person claiming or acting through or in the right of the Hilders or their companies; and

  i. Other than the Internal Revenue Service, any other person provided with a copy of this Order Granting Further Injunctive Relief or the January 26 Order.

  2. Except with written authorization from Optimation, Inc. (for the time being obtained through plaintiff S. Turner Allen, who is currently a member of board of directors of Optimation, Inc.), each of the Enjoined Parties shall from January 24, 2006, cease and desist, from:

  a. selling or attempting to sell Optimation software;

  b. reproducing, altering, affecting, licensing or using Optimation software, code or other intellectual property;

  c. representing that they have any authority to act for Optimation, Inc.;

  d. representing that they have any authority to sell, service, distribute, license, modify or use Optimation software, code or other intellectual property;

  e. using any monies or revenues collected from or because of the sale, service, renewal, licensing, use or maintenance of Optimation software;

  f. transferring directly or indirectly assets, or rights therein, that originated as or from Optimation assets or revenues;

  g. changing the physical location of assets that originated as or from

2

Optimation assets or revenues;

h. interfering with any contacts by plaintiffs with employees of Optimation USA or IMSCO or GMH companies who have been involved in selling, servicing or maintaining Optimation software so that plaintiff can obtain information about Optimation software sales, service and maintenance and Optimation assets;

i. engaging in any business activity directly or indirectly in competition with the sale, servicing or maintenance of Optimation software;

j. engaging in any communications of other conduct that could suggest to customers or others that the Optimation software business will not continue; and/or

k. engaging in any acts intended or having the effect of circumventing provisions of the January 24 Order or this Order Granting Further Injunctive Relief.

3. The Enjoined Parties shall from January 24, 2006, act to:

a. segregate physically and preserve for Optimation, Inc. the assets that originated from Optimation, Inc., and any assets or revenues derived from those assets;

b. protect from replication, modification, transfer or use all Optimation software, code and intellectual property;

c. assure that each and every normal customer communication about Optimation software by telephone, correspondence or email is directed in the first instance to the Optimation support group in Independence, Missouri or

3

to any other destination designated by plaintiffs;

d. immediately facilitate Optimation, Inc. obtaining the rights to and use of the 816 area code telephone numbers that have been provided to actual or would be customers as the means for obtaining service, maintenance of Optimation software;

e. post on each website maintained (i) for Optimation software or (ii) by or for the Hilders, Optimation USA, IMSCO or GMH entities pdf formatted copies of the January 24 Order and this Order Granting Further Relief;

f. cooperate fully to instruct banks and other depositary entities identified under ¶ 4(d) below to deliver or transfer account balance to Optimation, Inc. at its designated new depositary institutions;

g. insure that electricity and other utilities are maintained for computers and other electronic equipment during the period it takes for Optimation, Inc. to collect its assets;

h. insure that all existing telephone service necessary for the Optimation software operations is maintained during the period it takes for Optimation, Inc. to collect its assets;

i. at the election of Optimation, Inc. to be made with in a reasonable period of time, facilitate the transfer of any equipment leases or other executory contracts necessary to preserve the Optimation software business as it currently exists; and

j. maintain for the existing period any casualty, liability or other insurance currently in place.

4. The Hilders shall deliver to plaintiffs' counsel:

a    Within 14 days of entry of this Order, a list of every asset of Optimation, Inc. that was removed from 300 North Osage, Independence, Missouri, and state the disposition or present physical location and street address of that asset;

b.    Within 3 days of entry of this Order, in readable accessible electronic format and by paper copy, a list of every customer who has purchased Optimation software since September 1, 2001, together with the last known mailing address and telephone number and any other contact information for that customer;

c.    Within 24 hours of entry of this Order, identification of the physical location and street address of every server or other electronic storage device on which the source code for Optimation software is stored;

d.    Within 3 days of entry of this Order, the name of (or any brokerage or other depositary entity) each bank, the address and telephone number, and the account number for each and every checking, savings, brokerage, investment, or other account that has been used to deposit of revenues earned from Optimation, Inc. software since September 1, 2001;

e.    Within 7 days of entry of this Order, copies of the account statements and cancelled checks or draft devices for each of the accounts identified under ¶ 4(d);

f.    Within 7 days of entry of this Order, a check register covering the period September 1, 2001 to the present, and the QuickBooks ledger or other

5

Case 4:02-cv-00189-FJG   Document 248   Filed 01/30/06   Page 5 of 7

general ledger used by the Hilders since September 1, 2001, to record business activities relating to the sale of Optimation software;

  g. Within 7 days of the entry of this order, copies of all federal and state and local income, employment, sales or other tax returns that the Hilders have filed that reflect the sales, the revenues and expenses from any sales of Optimation software during 2001, 2002, 2003, or 2004;

  h. Within 7 days of the entry of this order, all electronic and paper files containing information about earlier customers of Optimation software;

  i. Within 7 days of the entry of this order, all electronic and paper files showing efforts to sell Optimation software products, together with a summary of the status of each pending sales contact.

  j. Within 3 days of the entry of this order, a list of all password protected software, file or the other site relating to Optimation software and the passwords and user name information necessary for complete access

5. Counsel for plaintiffs shall cooperate with Mr. Herbert W. Linder, attorney for the United States Department of Justice Tax Division, to provide information obtained from the Enjoined Parties under this Order.

6. Any Enjoined Party (other than the Hilders) or third party having care, custody or possession of assets, revenues from the assets, or other proceeds of assets alleged to be those of Optimation, Inc. shall hold them in trust subject to this Court's determination of their status in this litigation.

7. The Hilders shall through their counsel make immediate contact with counsel for the plaintiffs and cooperate to arrange in an orderly fashion for the plaintiffs to take

dominion, control and possession of all assets of Optimation, Inc. and identify any assets purchased with Optimation, Inc. proceeds or revenues. Assets purchased with Optimation, Inc. proceeds or revenues may be subject to this Court's injunctive order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that should Enjoined Parties fail to comply with this Further Injunctive Order, plaintiffs may request an order to show cause why a contempt order should not be entered.

**IT IS SO ORDERED.**

/s/ Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: January 30, 2006
Kansas City, Missouri