# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. LUNDY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 02-0189-CV-W-FJG |
| GUY M. HILDER, et al., | ) |
| Defendants. | ) |

**ORDER CONDITIONALLY GRANTING
MOTION FOR STAY PENDING APPEAL**

Pending before the Court is defendants' Motion for Stay (Doc. No. 250). After considering defendants' motion, plaintiffs' response, and the issues raised in the teleconference with the Court on February 9, 2006, the Court conditionally grants the Defendants' Motion for Stay (Doc. No. 250) as follows:

1. A partial and limited stay of ¶¶ 2(e) and 2(i) of the January 30 Order, permitting the collection and use of Optimation software revenues during the pending appeal, will be granted at the time a $1 million surety bond is approved by this Court and posted by a creditworthy surety, if and only if (a) the bond is posted on or before **February 16, 2006**, and (b) before then Defendants deliver to plaintiffs' counsel (specifically, on or before **February 14, 2006**) the information identified in ¶¶ 4(b) (customer lists), 4(c) (physical location and street address of servers and other electronic storage devices on which the Optimation software is stored), 4(d) (location of bank, brokerage and other depository accounts), 4(e) (bank and brokerage account statements), 4(f) (check register and ledger for all enterprises involved in

selling Optimation software), 4(g) (tax returns), 4(j) (passwords) and 4(a) (location of other assets) of the January 30 Order.

2. The bond shall be conditioned for the payment of all sums awarded in this case for the loss, use and detention, diversion, infringement, or appropriation of Optimation property or proceeds, software, revenues or enterprise during the appeal, together with attorney's fees, costs of appeal, interest and damages for delay.

3. If (a) the bond is not posted as required herein, or (b) the information specified in ¶ 1 above is not timely furnished, the Court will reconsider the motion for stay and will deny the same.

4. The following provisions of January 30 Order are not stayed: ¶¶ 2(a), 2(b), 2(c), 2(d), 2(f), 2(g), 2(h), 2(j), 2(k), 3(a), 3(b) (other than sales and servicing reported to plaintiffs as provided in ¶ 5 below), 3(e), 3(g), 3(h), 3(j), and 6.

5. The Court will terminate any stay if Defendants fail to furnish to plaintiffs by the 10th day of each month hereafter meaningful information showing the customers to which Optimation software and services are sold and the amount of revenues from those sales.

6. The Court intends that Defendants cooperate fully during any stay to provide information about and protect the Optimation software and enterprise for return to plaintiffs should an appeal be denied. The Court may modify this stay as necessary to provide that protection.

7. If Defendants fail to comply with the conditions to stay set forth in ¶ 1 above, plaintiffs may, subject to any stay order of the Court of Appeals, apply for an

order to show cause or other enforcement of the January 24 Order and the January 30 Order.

8. Nothing in this Order shall be construed as any authorization for Defendants to pay themselves, or to use Optimation software revenues or proceeds for any personal use, or any use other than as necessary to service current customers in the ordinary course of maintaining sales.

9. The determination of accounting-disgorgement relief is not stayed. Within 7 days after this Order, allowing the Defendants the opportunity to cooperate to provide information they have been ordered to provide, plaintiffs should file with the Court a proposal for any discovery period necessary.

**IT IS SO ORDERED.**

Dated: February 10, 2006
Kansas City, Missouri

/s/ Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge