# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. LUNDY, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 02-0189-CV-W-FJG |
| GUY M. HILDER, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Pending before the Court is defendants' Motion to Quash Notice of Deposition (Doc. No. 288). Defendants seek to quash a deposition of a representative of Compass Bank, which is apparently the bank used by Optimation USA, Inc., GMH Business, L.C., Optimation Software Products, IMSCO Industries, Inc., Guy Hilder, Susan Hilder, GMH Business Group and GMH Logistic, LLC. Defendants indicate that the accounting will not be complete until May 15, 2006, and until the accounting is complete, this discovery is unduly burdensome and risks duplication of efforts. Defendants, therefore, request the Court quash the deposition of Compass Bank, set for Thursday May 4, 2006.[1]

Plaintiffs respond that they are seeking the records from Compass Bank so that they have source documents in this case; plaintiffs indicate that they are not planning to rely on the accounting prepared by the defendants, and are seeking the third-party documents to prepare their own accounting. Plaintiffs also state that they are seeking the source documents to establish violations of the Court's January 30, 2006, Order. Further, plaintiffs

---

[1] Defendants request, in the alternative, that the Court refer this matter to the special master. The Court declines that request.

note that, to-date, defendants have not delivered bank account records to plaintiffs' counsel, as directed in the Court's January 30, 2006 Order.

The Court finds plaintiffs' concerns regarding the accounting being prepared by defendants to be reasonable under the circumstances; it is likely that, no matter the outcome of defendants' accounting, plaintiffs would seek the information sought in the Compass Bank subpoena. Furthermore, post-trial discovery is set to close on **June 1, 2006.** The Court finds that defendants have not provided sufficient reason as to why this deposition should be further delayed. Therefore, the Court finds that the motion to quash (Doc. No. 288) should be **DENIED.**

Additionally, in a letter to the Court, defendants have requested that the issue of "whether the interests of all of the shareholders of Optimation, Inc. are being protected" be referred to the special master. The Court finds that this issue has already been addressed in its previous orders (See Doc. Nos. 245, 248, and 275); therefore, defendants' request is **DENIED**. Furthermore, while the Court does not believe that these issues fall within the purview of the issues that already have been referred to the special master, to the extent that these issues arise collaterally as to the issues referred to the special master, the special master may make an appropriate recommendation to the Court.

**IT IS SO ORDERED.**

/s/ Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Dated:_May 1, 2006   United States District Judge
Kansas City, Missouri

2