# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. LUNDY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 02-0189-CV-W-FJG |
| GUY M. HILDER, et al., | ) |
| Defendants. | ) |

# ORDER

Pending before the Court are (1) defendants' motion for reconsideration (Doc. No. 293); (2) defendants' motion for protective order (Doc. No. 292); and (3) joint motion of enjoined parties for an order escrowing certain funds (Doc. No. 283).

## I. Motion for Reconsideration (Doc. No. 293)

With respect to defendants' motion for reconsideration (Doc. No. 293), the Court has reviewed the submissions of the parties and finds that reconsideration is not warranted. Therefore, defendants' motion (Doc. No. 293) is **DENIED**.

## II. Motion for Protective Order (Doc. No. 292)

Defendants have moved for a protective order pursuant to Fed. R. Civ. P. 26(c) (Doc. No. 292), seeking to have the bank records sought by plaintiffs denominated as confidential. Plaintiffs respond that any protective order should have certain exceptions, and defendants reply that they agree with most of plaintiffs' proposals. See Doc. No. 296. However, the parties do not agree with respect to whether cancelled checks should be subject to the protective order. After considering the arguments set forth by the parties, the Court agrees with defendants and finds that the cancelled checks should be subject to a protective order.

With this issue resolved, it appears from defendants' reply that defendants are willing to work with plaintiffs to draft a stipulated protective order (see Doc. No. 296). The parties are, therefore, **DIRECTED** to submit a proposed joint stipulated protective order **on or before 3:00 p.m., Tuesday, May 16, 2006,** via e-mail to Rhonda Enss, Courtroom Deputy Clerk, for the Court's consideration. The proposed joint stipulated protective order should cover all documents obtained from Compass Bank (including but not limited to cancelled checks), and should incorporate the agreed-to suggestions made in plaintiffs' response, Doc. No. 294, paragraphs 3, 4, and 5.

### III.  Motion for Order Escrowing Funds (Doc. No. 283)

Seven employees of Optimation have filed a motion for an Order escrowing certain funds to pay wages, expenses, accrued vacation pay, and commissions. The employees indicate that they were employed by defendant or a company controlled by defendant until at least March 1, 2006, and between March 1, 2006 and March 16, 2006, provided service to plaintiff without benefit of an employment agreement. The employees request that $17,319.78 be escrowed for their benefit (subject to future motions from the employees for dispersal of the funds). The employees ask the Court to direct plaintiff and defendant, jointly and severally, to pay into the Court this sum.

Plaintiffs oppose this motion, stating that Optimation Inc. was not the employer of these people; instead, the Hilders and their companies were the employers. Plaintiffs suggest that the movants have rights under labor protective statutes of Missouri and Texas to recover these amounts from defendants. Plaintiffs further suggest that any legal action seeking to collect the amounts owed to the employees of the Hilders and their companies is subject to rulings in this Court and to rulings in U.S.A. v. Hilder, pending in the U.S. District Court, Western District of Texas, in which the IRS has asserted lien and fraudulent transfer rights.

2

After considering the parties' filings, the Court finds that the employees' motion (Doc. No. 283) should be **DENIED** for the reasons stated in plaintiffs' response.

**IT IS SO ORDERED.**

Dated:_May 12, 2006__
Kansas City, Missouri

/s/ Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge