# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. LUNDY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 02-0189-CV-W-FJG |
| | ) |
| GUY M. HILDER, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are (1) Report by Special Master (Doc. No. 306); (2) Special Master's Statement for Services (Doc. No. 307); (3) Defendants' Objection to Report by Special Master (Doc. No. 309); (4) Plaintiffs' Response to Defendant's Objection to Report by Special Master (Doc. No. 310); and (5) Defendants' Reply to Plaintiffs' Response to Objection to Report by Special Master (Doc. No. 311). After a review of these documents as well as the remainder of the record in this case, the Report by Special Master (Doc. No. 306) is hereby affirmed in part.

In particular, after further consideration of this matter, this Court agrees with defendants that the amount of the award to Michael D. Lundy under Count H should be reduced. As discussed by plaintiffs in their response, plaintiff Michael Lundy recognizes that collection of the judgment in his favor under Count H may be limited to the total amount owed to him under the promissory note. This amount includes the $139,776 owed in January 2002 (see Order, Doc. No. 245, ¶ 40); interest accrued since that time (see Trial

Exhibit 20); attorney's fees (again, as provided in Trial Exhibit 20); and costs.[1]  Therefore, the Special Master's recommended award of $7,375,390 to Michael D. Lundy under Count H (see Doc. No. 306, p. 8, ¶ 20) shall be reduced to $139,776.00 plus interest, attorney's fees, and costs.  Accordingly, plaintiff Michael D. Lundy is awarded judgment in the amount of $139,776.00 plus interest, attorney's fees, and costs against defendants Guy Hilder, Susan Hilder, Optimation USA, Inc. and GMH Businesses, L.C., jointly and severally.

With respect to the award to plaintiff Optimation, Inc., the Court notes that defendants were given the opportunity to demonstrate the fairness of the transactions they engaged in as former fiduciaries of Optimation, Inc., yet did not provide meaningful evidence demonstrating the fairness of the transactions engaged in after September 17, 2001.[2]  Accordingly, the Court is left with nothing but the amounts of revenues and net

---

[1] In defendants' reply suggestions, defendants argue that this Court should hold a hearing to ascertain the amounts due to Michael D. Lundy and to Optimation, Inc.  However, this Court finds that, with respect to the amounts due to Michael Lundy, those amounts are ascertainable upon the record.  Further, defendants had an opportunity to rebut the information presented with regard to disgorgement damages during the hearings held by Judge Mauer.  Defendants failed to avail themselves of this opportunity, and this Court will not allow further delays in resolution of this matter due to defendants' lack of participation in the proceedings held before Judge Mauer.  Defendants' request for a hearing is denied.

[2] The Court declines defendants' request to "review the detailed accounting information, acknowledge that all monies spent were either for the valid operation of the business which had expenses or for services rendered as originally contracted for by Plaintiffs." See Doc. No. 309, p. 6.  Defendants have provided no detail besides certain ledgers (Exhibits 6, 7, 8 to Doc. No. 309), and these exhibits do not contain sworn affidavits as to their authenticity.  Further, review of this accounting information by the Court would be burdensome in the extreme, given the sheer volume of the records.  Additionally, without underlying documentation and/or testimony, the Court is not able to judge the fairness of the transactions detailed in these ledgers.  Defendants should have presented their arguments regarding the propriety of these transactions during the mini-trial held by the Special Master on July 18, 2006.

withdrawals noted in the Special Master's Report upon which to base its decision (see Table, Doc. No. 306, p. 5, paragraph 11). Nonetheless, the Court finds that the appropriate amount of disgorgement damages in this matter is $2,071,898.00, the amount of net withdrawals by the Hilders from 2001-2006. If Optimation, Inc. had been operating in an optimal financial state at the time the Hilders became involved in the corporation, the Court would have applied the larger number. However, as Optimation, Inc. was insolvent in early 2001, the Court finds that it would be unfair to enter a judgment against the defendants for all revenues of the Optimation enterprises during the following five-year time frame. Accordingly, plaintiff Optimation, Inc. is awarded judgment of disgorgement in the amount of **$2,071,989.00**, against defendants Guy Hilder, Susan Hilder, Optimation USA, Inc. and GMH Businesses, L.C. jointly and severally.

In all other material respects the Special Master's Report (Doc. No. 306) is hereby adopted by this Court. Further, the Court agrees with the finding of the Special Master that plaintiffs' attorney's fees for this phase of the litigation should be allowed. See Doc. No. 306, ¶ 24. Accordingly, plaintiffs Optimation, Inc. and Michael D. Lundy shall submit their application for attorney's fees on or before **JANUARY 23, 2007**.[3] Defendants shall file their opposition, if any, on or before **FEBRUARY 7, 2007**.

Finally, neither party filed opposition to the Special Master's Statement for Services (Doc. No. 307). Judge Mauer completed a total of 22.6 hours of work on this matter, which, at $200 per hour, amounts to a total fee request of $4,520.00. The Court finds this fee

---

[3]This application shall include attorney's fees awarded in the Court's original Order (Doc. No. 245, ¶ 76) and referenced in the Court's Order granting plaintiff's extension of time to present attorney's fees (Doc. No. 273).

request to be reasonable. As discussed in the Court's previous orders (Doc. No. 280, entered on April 7, 2006, and Doc. No. 287, entered on April 26, 2006), the parties shall share in the expense of the special master. Therefore, is it **ORDERED** that (1) plaintiffs, jointly and severally, shall pay $2,260.00 to Judge William F. Mauer; and (2) defendants, jointly and severally, shall pay $2,260.00 to Judge William F. Mauer. The parties are **ORDERED**, on or before **January 24, 2007,** to tender these amounts to Judge William F. Mauer. The parties **SHALL** file a notice with the Court on or before **January 31, 2007**, signifying completion of their payments to Judge Mauer.

    **IT IS SO ORDERED.**

/s/ Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated:__1/11/07__
Kansas City, Missouri

4