# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. LUNDY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 02-0189-CV-W-FJG |
| GUY M. HILDER, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court are (1) Application of Optimation, Inc. for Award of Attorney's Fee (Doc. No. 316); and (2) Application of Michael D. Lundy for Award of Attorney's Fee (Doc. No. 318). Defendants have filed objections to both applications for attorney's fees (Doc. No. 321), noting in particular that in support of attorney's fees, plaintiffs have submitted heavily redacted copies of fee bills. After reviewing the applications of plaintiffs for attorney's fees as well as the plaintiffs' bills, the Court agrees with defendants that there is no way of telling from the bills as presented to the Court what portion of the bills should be allocated to the counts on which plaintiffs were successful (Counts H and I), as opposed to the numerous counts on which plaintiffs were not successful.[1] When counsel fails to adequately detail the allocation of his attorney's fees, Missouri courts have held that "there is no proper basis upon which to make any allowance of attorneys' fees." Funding Systems Leasing Corp. V. King Louie Int'l, Inc., 597 S.W.2d 624, 637 (Mo. App. W.D. 1979). See also State ex rel. Chase Resorts, Inc. v. Campbell, 913 S.W.2d 832, 836 (Mo. App. E.D.

---

[1] In fact, a cursory review of the bills supplied by plaintiffs indicate numerous charges that appear to relate to other matters entirely. See e.g. Ex. A. to Doc. No. 319, entry dated 5/16/2002, "Attend chambers status conference with Judge Scoville on EAB Leasing v. Optimation"; and entry dated 7/11/2002, "Telephone conferences with Keith Shuttlesworth (atty. for EAB Leasing) and P. Kenney (atty. for Hilder) re: status of settlement of EAB Leasing case.

1995) (noting that failure to properly segregate and allocate fees may serve as a basis for the denial of recovery altogether).[2]

Accordingly, plaintiffs' applications for attorney's fees (Doc. Nos. 316 and 318) will be **DENIED**. Final judgment shall be entered in this matter, incorporating the terms of (1) the Court's Findings of Fact and Conclusions of Law (Doc. No. 245), (2) the Court's Order Granting Further Injunctive Relief (Doc. No. 248), and (3) the Court's Order affirming in part the report of the Special Master (Doc. No. 312).

**IT IS SO ORDERED.**

Dated: 03/07/07
Kansas City, Missouri

/s/ Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

---

[2] The parties in this matter lately have engaged in a pattern of filing extremely brief supporting memoranda to their motions and responses in opposition, inviting the Court to do its own extensive review of the supporting exhibits without any meaningful direction or input from the parties. See Doc. No. 309 (defendants' objection to the report of the special master, inviting the Court to "review the detailed accounting information," without providing any direction as to how the Court could determine the fairness of the underlying transactions). The Court is unwilling to do work for the parties that they have the burden of doing themselves.

Further, plaintiffs state in a conclusion sentence at the end of each of their suggestions in support (Doc. Nos. 317 and 319) that "Should further support for an award be necessary, [plaintiff] is prepared to furnish that information." Obviously, plaintiffs should have anticipated that the Court would be unwilling to order the payment of attorneys fees unrelated to the claims upon which plaintiffs prevailed; further, plaintiffs filed no reply suggestions after defendants pointed out the deficiencies in the fee statements. Given that this case has been pending in this Court for over five years, the Court is not inclined to give plaintiffs multiple chances at curing the deficiencies in their motions for attorneys' fees.